Harry E. Wood, appellee, v. Advance Rumley Thresher
Company, appellant.

Filed March 27, 1919.  No. 20269.

Appeal: Replevin: Evidence: Sufficiency. In a trial before a jury
where the finding is based on conflicting evidence, the verdict
will not be disturbed unless clearly wrong. The evidence ex-
amined, and *held* sufficient to support the verdict of the jury.

Appeal from the district court for Kearney county:
Harry S. Dungan, Judge. *Affirmed.*

*J. L. McPheely,* for appellant.

*M. D. King* and *F. L. Carrico, contra.*

Aldrich, J.

This cause of action is one in replevin for the posses-
sion of a threshing outfit. Plaintiff purchased a
threshing outfit from the defendant and gave a mortgage
on same to secure payment of three promissory notes,
to wit, one dated August 1, 1914, for $250, due August
1, 1915, one for $400, due September 1, 1915, and one
for $316, due September 1, 1916, and, in addition to
securing payment on the machine, plaintiff assigned and
gave permission to collectors of the defendant to take
over threshing bills and to apply the same on the notes.
Neither plaintiff nor defendant, as the record discloses,
kept any book accounts of the payments that were made
on the notes in this way. At the close of the threshing
season of 1916, defendant took over the threshing
outfit and proceeded to advertise it for sale. The
plaintiff then commenced this action in replevin.

At the trial of the case, defendant introduced three
notes (above mentioned) in evidence which bore indorse-
ments amounting to only $156.99, claiming there was due it
$939.20 instead of $97.14, found to be defendant's special
interest in the threshing outfit. The defendant claimed

the burden of proof in support of payment was upon the plaintiff. The plaintiff assumed this burden and undertook to prove payment, and the record discloses this proof was unsatisfactory and not at all clear because his statement as to payments was only general: For instance, he was asked the question as to how much he had paid on the $400 note. His reply was: ''I don't know for sure if I have or not.'' On the other hand, the showing and the evidence on behalf of the defendant was just as haphazard, careless, and indefinite, and unsatisfactory as was that of the plaintiff. There is also evidence in the record that there were other notes because of a former transaction for another threshing outfit from this same company. There is another instance in this case which may have helped the jury to disbelieve the defendant and to believe the plaintiff. A witness by the name of Thorp swore he found these notes sued upon in the files of the defendant company's office at Lincoln; and he also swore that he did not take possession of defendant's office in Lincoln until September 1, 1916, and that nothing had been paid on the notes since he had taken charge of the business. It is evident, therefore, that the defendant knew but little, if anything, and placed but little value upon these notes, and knew scarcely anything about the entire matter, and its showing is just as unsatisfactory in the record as is that of appellee. There was no effort at all made to show that anything was done by the agents of the appellant to collect these notes sued upon. Neither was there any effort made to show that any payment was made on these notes other than those shown by indorsement heretofore referred to. As the record stands, the plaintiff had sworn as to the manner in which he had paid the $1,000. Then it was incumbent upon the defendant and it ought to have met that testimony by showing through its agents that such payments had never been made.

The entire issue resolves itself down to the square proposition: Should we disturb the verdict of a jury based upon a square conflict of evidence, where the weight of the evidence preponderates in favor of plaintiff? This court has many times held that, where the issue is clearly one of a finding of fact, the verdict will not be disturbed unless clearly wrong. As there was no error in the instructions, and the verdict being based squarely upon the conflict of evidence, we adhere to the former holding of this court.

The judgment is

AFFIRMED.

SEDGWICK, J., not sitting.